UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 02-4051

DELORISE HAWKINS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-01-107)

Submitted: June 4, 2002

Decided: June 25, 2002

Before WIDENER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Brian J. Grossman, ECK, COLLINS & MARSTILLER, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Delorise Hawkins appeals her convictions, following a bench trial, for maintenance of a place for distribution, use, and storage of controlled substances, 21 U.S.C.A. § 856 (West 1999 & Supp. 2001), and possession with intent to distribute cocaine base, 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). Hawkins claims the evidence is insufficient to support the convictions. We disagree and accordingly affirm.

On direct appeal of a criminal conviction, a factfinder's verdict must be sustained if there is substantial evidence, viewed in the light most favorable to the government, to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The Government produced evidence that Hawkins sold cocaine base ("crack") to Kelvin Hatchet in the front yard of her home, located at 1513 Williamsburg Road, Richmond, Virginia, on February 8, 2001. During the course of this transaction, Hawkins told Hatchet to inform other people the area was her "territory," implying that the "territory" involved the drug trade. The following day, the Richmond police executed a search warrant at Hawkins' home and found 5.38 grams of crack on Hawkins' dining room table and a rock of crack in the pocket of the shorts Hawkins was wearing. Based on this evidence, the district court could properly infer that Hawkins maintained a place for the distribution, use, and storage of controlled substances and possessed crack cocaine with the intent to distribute it.

Accordingly, we affirm Hawkins' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*